## Commonwealth v. De Day

*Howard R. Berninger,* for Commonwealth.

*Smith & Eves,* for defendant.

KREISHER, P. J., July 18, 1955.—On February 12, 1955, Thomas J. Burke, the county sealer of weights and measures, laid an information before a justice of the peace charging defendant with having violated the provisions of the Solid Fuel Act of July 19, 1935, P. L. 1356, 76 PS §344, which provides in paragraph (1) that any person delivering any solid fuel in an amount exceeding 100 pounds shall have an accompanying weighmaster's certificate for the load. Paragraph (2) provides that the certificate shall be issued only on forms furnished by or approved by the department, and paragraph (3) provides that the certificate shall be made out in ink or indelible pencil, and the original and each copy thereof shall show:

"(a) The kind, and size of the solid fuel; (b) The name and address of the seller of the solid fuel; (c) The name and address of the purchaser; (d) The license number of the vehicle and trailer; (e) The

signature and license number of the licensed weighmaster by whom weighed and who issued the weighmaster's certificate; (f) The date and hour when weighed; (g) The gross weight in avoirdupois pounds of vehicle and load; the tare weight and the net weight of the solid fuel, . . ." etc.

Paragraph (4) provides that the original copy of the weighmaster's certificate shall be delivered to the purchaser of the solid fuel specified in the certificate at the time of the delivery, etc. We are not concerned in this case with paragraphs (5), (6) or (7) of the act.

The justice of the peace held a hearing and found defendant guilty and imposed a fine of $300. 76 PS §349, provides the penalties for the violation of the act, and it is therein set forth that upon summary conviction any person violating any of the provisions of the act be sentenced in the first offense to pay a fine of not less than $100 and not more than $200 and costs of prosecution, and in default of payment thereof, undergo imprisonment for 20 days, and for the second offense to be sentenced to pay a fine of not less than $200 or more than $300 and costs of prosecution, and in default of payment thereof, undergo imprisonment for 60 days, etc.

Counsel for defendant on February 16th filed a petition asking for the allowance of an appeal, and the court made an order allowing the appeal, making the same returnable to February 28, 1955. On that date a hearing was held, and from the testimony of the prosecutor, Thomas Burke, it appears that the only complaint is that defendant on December 15, 1954, sold a load of coal to a Mr. Kimmel in the Borough of Centralia, and that the weighmaster's certificate for this load of coal failed to contain the name of Mr. Kimmel, the purchaser, as required under para-

graph (3), subsection (c) of the above-quoted act of assembly.

There is no allegation of short weight. However, Mr. Kimmel did testify and complained that the coal was not of first quality. Defendant called in his behalf one Stanley Pulaski, who testified that he was one of the owners of the Hillvue Coal Company; that he was a licensed weighmaster, and that he issued the weigh bill to James De Day who purchased the load of coal for defendant, and at the time the purchase was made they did not know who the purchaser of the coal would be, as they intended to peddle it, and upon inquiry from the State inspector, he was told in such a case that he could leave the name of the purchaser blank, and then when the hauler of the coal sold the coal, he could put the name of the purchaser in the certificate.

It appears that defendant in November was arrested for this same offense, at which time he was fined $100, which defendant paid. The prosecutor in this case instituted this prosecution upon information and belief that Mr. Kimmel complained to the Chief of Police of Centralia about the quality of the coal, and the chief of police then informed the prosecutor, who in February of 1955 instituted prosecution.

The Solid Fuel Act of 1935, 76 PS §342, as amended, was enacted to prevent the evil of sellers of solid fuel giving false weigh bills and short weight, and it is criminal in nature and, therefore, must be strictly construed. There is no complaint in this case of the evil which the act was enacted to remedy, but purely a technical omission of one of the provisions of the act, and one which in the opinion of the court was not the fault of defendant, but rather the licensed weighmaster who issued the certificate, and who was acting in compliance with instructions given him by the State

inspector and, therefore, under these circumstances we are of the opinion that it would be a miscarriage of justice to require this defendant to be subjected to a fine of $300 and, therefore, without further comment, the court feels inclined that justice requires it to dismiss these proceedings, and to this end we make the following

### Order

And now, to wit, July 18, 1955, this case is dismissed; the appeal is sustained, and the costs are placed upon the County of Columbia.